UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X

DANTE LIZALDE,

                Petitioner,

-against-

UNITED STATES OF AMERICA,

                Respondent.
---------------------------------------------------------------- X

06 CV 880 (ARR)

NOT FOR
ELECTRONIC OR PRINT
PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

Petitioner Dante Lizalde ("Lizalde" or "petitioner") was convicted of conspiring to distribute and to possess with intent to distribute cocaine, conspiring to import cocaine, and aiding and abetting the possession of cocaine with intent to distribute on November 29, 1999. U.S. v. Lizalde, E.D.N.Y. No. 97-CR-649 (ARR). On May 24, 2000, he was sentenced to three concurrent terms of 292 months, followed by five years' supervised release, and a special assessment on each count of $100. Id. Lizalde brought a timely direct appeal. The Second Circuit rejected his claims and affirmed his sentence on June 3, 2002. U.S. v. Lizalde, 38 Fed. Appx. 657 (2d Cir. 2002). The Supreme Court denied petitioner's application for writ of certiorari on December 2, 2002. Lizalde v. U.S., 537 U.S. 1059 (2002).

Lizalde filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 in the Eastern District of New York on September 10, 2003. Lizalde v. U.S., E.D.N.Y. No. 03-CV-4733 (ARR). That petition was denied on March 31, 2004. Id. Petitioner applied to the Second

1

Circuit Court of Appeals for a certificate of appealability; the Court of Appeals denied his request and dismissed his appeal on June 13, 2005. Lizalde v. U.S., 2d Cir. No. 04-3664-PR.

By papers filed on January 19, 2006, Lizalde appears to again challenge the validity of his conviction and "respectfully request[s] to be immediately released." Pet'r's Mem., 5. He appears to allege that his criminal conviction was invalid because the superseding indictment in his criminal case did not include a description of the drug amount, he received ineffective assistance of trial and appellate counsel, there were sentencing errors under Booker, Fanfan, and Blakely, and the proceedings were tainted by unspecified "conflict[s] of interest." Id. at 2-5.

Because Mr. Lizalde has previously filed a petition for habeas corpus in this court, the court construes his January 19, 2006 papers as a second – and therefore successive – petition. Successive petitions are governed by 28 U.S.C. § 224(b)(3)(A), which provides that:

> [b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Subsection (b)(3)(C) directs that:

> [t]he court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

Therefore, petitioner must move in the United States Court of Appeals for the Second Circuit for permission to pursue his new petition. 28 U.S.C. § 2244(b)(3)(A).

To be successful, a motion to the Court of Appeals for the Second Circuit for permission to pursue a successive habeas petition must show that either (1) the new claims being raised rely on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, 28 U.S.C. § 2244(b)(2)(A), or (2) the factual

predicate for the claim could not have been discovered previously through the exercise of due diligence, and that the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(B)(i-ii).

Accordingly, the instant petition is transferred to the Court of Appeals for the Second Circuit. 28 U.S.C. § 1631; <u>Liriano v. United States</u>, 95 F.3d 119, 123 (2d Cir. 1996) (per curiam). The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: February 28, 2006
Brooklyn, New York

SERVICE LIST:

*Petitioner:*
Dante Lizalde
No. 85982-080
FCI-La Tuna
P.O. Box 3000
Anthony, NM 88021

*Attorney for the Respondent:*
U.S. Attorney's Office
Criminal Division
One Pierrepont Plaza
Brooklyn, NY 11201